UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LYNCH IMPORTS, LLC and MICHAEL SHREFFLER,<br><br>Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by and through its undersigned attorney, brings this Complaint against Defendants LYNCH IMPORTS, LLC ("Lynch") and MICHAEL SHREFFLER, and alleges and states as follows:

### INTRODUCTION

1. Scottsdale seeks a judicial declaration that the subject insurance policy does not provide coverage for Lynch, including a duty to defend or indemnify, against the underlying personal injury lawsuit by Michael Shreffler, captioned *Shreffler v. F&F All Seasons et al.* (C.D. Ill., No. 2:22-cv-2129) ("Underlying Lawsuit").

### JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3. Plaintiff, Scottsdale is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

4. Defendant Lynch is a single-member limited liability company. Its sole member, Dennis Lynch, is an Indiana citizen.

5. Defendant, Shreffler is and was at all relevant times an Illinois citizen.

6.  Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Lynch and Shreffler, on the other hand; and (b) the amount in controversy, including the potential cost of defending and indemnifying Lynch with regard to the Underlying Lawsuit exceeds $75,000.

7.  Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2), as Shreffler resides in this District, the events giving rise to the underlying personal injury lawsuit occurred in this District, and the underlying personal injury lawsuit, for which Lynch is seeking coverage from Scottsdale, is pending in this District.

8.  An actual justiciable controversy exists between Scottsdale, on the one hand, and Defendants, Lynch and Shreffler, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE SCOTTSDALE POLICY

9.  Scottsdale issued commercial package insurance policy, No. CPS3244900, effective December 13, 2019, to December 13, 2020, to Lynch Imports, LLC ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

10.  The Policy has a commercial general liability part. Coverage A of that part of the Policy states, in relevant part:

> **1.  Insuring Agreement**
>
> **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. …

11. The Policy contains an Additional Insured – Firework Shows Sold/Shipped To a Scheduled Person or Organization Endorsement (GLS-325s (12-18)), which adds Sam Shreffler, Michael Shreffler's father, as an additional insured with respect to "bodily injury" arising out of "fireworks" shipped by Lynch to Sam Shreffler.

12. The Policy contains an Injury to Worker Exclusion Endorsement (GLS-278s (1-06)), which states, in pertinent part, as follows:

> The following is added to **SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, subsection **2. Exclusions** of the policy.
>
> This insurance does not apply to:
>
> 1. "Bodily injury" to:
>
>    a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;
>
>    b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
>
>    c. Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or subsubcontractor may be liable
>
> if such "bodily injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether or not it is caused in part by you; …

### UNDERLYING COMPLAINT

13. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that, prior to July 4, 2020, Sam Shreffler purchased from Lynch a 6-inch Magnum Boomer, Explosive No. UN0333 ("Firework"). A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B**.

14. On July 4, 2020, Michael Shreffler was assisting Sam Shreffler at a fireworks show in Ashkum, Illinois. The Product is alleged to have "exploded while still on the ground and in its mortar tube," causing Michael Shreffler "serious and permanent injuries." Michael Shreffler is seeking in excess of $75,000 in connection with the Underlying Lawsuit.

15. The Underlying Complaint directs two causes of action against Lynch, one for Strict Product Liability and one for Breach of Implied Warranty. It is alleged therein that the Product was defective, unsafe, unreasonably dangerous, and not merchantable.

16. Scottsdale is defending Lynch in the Underlying Lawsuit under a full and complete reservation of rights.

## GROUNDS FOR DECLARATORY JUDGMENT

17. Scottsdale incorporates by reference paragraphs 1-16 above as if fully stated herein.

18. The Policy's Injury to Worker Exclusion applies to preclude any duty to defend Lynch in the Underlying Lawsuit because the "bodily injury" to Michael Shreffler, who was acting as an "employee," "volunteer worker," contractor, or subcontractor of Sam Shreffler, an additional insured under the Policy, arises out of and was in the course of Michael Shreffler's employment or retention by Sam Shreffler.

19. Because Scottsdale has no duty to defend Lynch in the Underlying Lawsuit, Scottsdale necessarily has no duty to indemnify Lynch against the Underlying Lawsuit, as well.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend Lynch in connection with the Underlying Lawsuit;

B. Scottsdale has no duty to indemnify Lynch in connection with the Underlying Lawsuit; and

C. All other relief this Court deems just and equitable under the circumstances, including the award of costs.

DATED:  October 24, 2022                    Respectfully submitted,

                                                  By: /s/Jonathan L. Schwartz
                                                  Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
FREEMAN MATHIS & GARY, LLP
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: (773) 389-6640
Jonathan.Schwartz@fmglaw.com